HARVEY J. BERREL *et al.*, Respondents, *v.* C. A. DAVIS, Appellant.

1. *Practice, Civil — Tender of payment — Constable — Justice — Construction of statute.*— Where defendant, under section 19, chapter 180, Gen. Stat. 1865, made tender of the amount afterward recovered against him, exclusive of costs, to the constable, but by his directions paid the sum over to the justice, he complied with the spirit of the statute, and was not liable for costs of suit.

*Appeal from Fifth District Court.*

*Broaddus & Sloan,* for appellant.

Payment to the justice, under direction of the constable, was in effect payment to the constable within the meaning of the statute. (2 Greenl. Ev. §§ 600–603; 6 Bacon's Abr., 6th ed.)

*Asper & Pollard*, for respondents.

No error was committed by the court below, because no deposit was made with the constable as required by law. (Gen. Stat. 1865, ch. 180, §§ 17–19.)

WAGNER, Judge, delivered the opinion of the court.

Plaintiffs sued defendant on an account before a justice of the peace. After summons served, and before trial, defendant tendered to the constable the amount of the account which he admitted to be due, and also the costs that had accrued up to that time. The constable, instead of taking the money himself, directed the defendant to pay it to the justice, which he did accordingly. In the justice's court the plaintiffs obtained judgment for an amount in excess of the sum tendered and deposited; but on appeal to the Circuit Court, and in a trial anew, the judgment was for that amount, and no more. The Circuit Court rendered judgment against the defendant for the amount found in the verdict, and also for all costs which had accrued in both courts, without regarding the money paid to the justice on the direction of the constable. It is contended in this court that the payment of the money to the justice was unauthorized, and did not stop the accruing of the costs, interests, etc. If it was a simple and direct payment to the justice, this position is probably correct.

At common law, a tender puts a stop to accruing damages or interest for delay in payment, and gives the defendant costs when sued for the debt. (Berthold v. Reyburn, 37 Mo. 586.) But the hypothesis of tenders, on which the case has been argued to some extent, has no essential bearing, as it must mainly be determined by the provisions of the statute. The statute declares that if, at any time after the commencement of suit, the defendant pay to the constable the full amount which he owes the plaintiff up to that time, together with all costs then accrued, and the suit be not discontinued, but be further prosecuted, and the plaintiff shall not recover judgment for a larger sum, exclusive of interest

and costs since accrued, than the sum so paid to the constable, then the plaintiff shall pay all costs accruing after such payment. (Gen. Stat. 1865, ch. 180, § 19.)

When the defendant offered the amount to the constable it was his duty to receive it, and had he refused he would have been liable for all injuries which the defendant sustained subsequently in consequence thereof. But there was no refusal. He simply directed the party to pay it to the justice; and, making such payment in that manner, the party acted according to the directions and order of the constable. It was a reception by the constable, paid to another person at his request and for his convenience, and which would have rendered the constable liable at the demand of the plaintiffs. Where a debtor owes money to a creditor, and presents the same to the creditor in payment, and the creditor directs him to a third person, it will hardly be contended that this would not amount to a discharge of the debt and a payment to the creditor himself. The doctrine contended for by the plaintiffs is sheer technicality, and is founded upon a strict adherence to the letter of the statute — ignoring the reason and the substance. It goes but skin-deep, and does not penetrate into the meaning. *Qui haeret in litera haeret in cortice.*

To say that there is no other way of depositing the money without paying it absolutely into the hands of the constable is giving the statute a very narrow construction. To all intents and purposes the money was here paid to the constable—the justice was accountable to him for it—and because that officer saw fit to commit it to the custody of the justice, the defendant ought not to be injured. He had done his full part in complying with the law, and the full amount which the jury found due the plaintiffs was in *legis custodia*, ready to be handed over to them.

The judgment should be reversed and the cause remanded. The other judges concur.